# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JOSEPH L. SMITH                                                                  PETITIONER

VS.                             CASE NO. 5:14CV00020 DPM/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                                 RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Joseph L. Smith seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Smith is currently in the custody of the Arkansas Department of Correction (ADC) after entering guilty pleas in April of 2013 in Pulaski County Circuit Court to the charges of four counts of aggravated robbery, three counts of terroristic acts, three counts of first-degree battery, two counts of theft of property, and one count of aggravated residential burglary. He was sentenced to 300 months' imprisonment[1]. Having entered guilty pleas, no direct appeal of the convictions was available. In July of 2013, Mr. Smith filed a petition for postconviction relief with the trial court, alleging two instances of ineffective assistance of counsel[2]. On July 24, 2013, the trial court denied postconviction relief. No appeal was taken from this decision.

On January 27, 2014, Mr. Smith filed his petition for federal habeas corpus relief advancing the following claims for relief:

---

[1] In all, Mr. Smith entered a guilty plea to seven Y felonies, for which he was sentenced to 25 years, and he pleaded guilty to six B felonies, for which he was sentenced to 20 years. The sentences were run concurrent to each other, for a total sentence of 25 years. Docket entry no. 6-5, pages 6-7.

[2] The trial court, in its Order denying Rule 37 relief, summarize the claims as follows: "Petitioner alleges that his attorney did not set forth a motion (not specified) that the petitioner requested be presented to the court. Additionally, Petitioner claims that his attorney failed to adequately inform him of the steps of his case thus resulting in Petitioner's lack of knowledge of his case progression. Lastly, Petitioner claims that his attorney did not acknowledge his request for a jury trial or a bench trial." Docket entry no. 6-3, page 2.

    1.       His guilty plea was not voluntary and did not comply with the Arkansas Rules of Criminal Procedure regarding guilty pleas;

    2.       His conviction was obtained by the use of a coerced confession;

    3.       His attorney was ineffective by not properly advising him of his rights; and

    4.       He was denied due process.

The respondent contends that the claims are not properly before this Court due to the petitioner's failure to adequately raise the claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, the respondent urges that the petitioner failed to appeal the denial of his Rule 37 petition, thus failing to fully pursue his claims in state court. By Order of the Court dated March 10, 2014, the petitioner was informed of his opportunity to explain why the petition should not be dismissed as procedurally defaulted. He has filed a response. See Docket Entry no. 11.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. Subsequent to the *Wainwright v. Sykes* decision, certain circumstances were identified as instances where cause might be found. Those circumstances are not relevant to this case, as the petitioner does not allege them to be applicable, but a recent case must be addressed.

In 2012, the United States Supreme Court recognized a narrow exception to the general rule that deficient performance by an attorney in a post-conviction proceeding would not amount to cause. *See Coleman v. Thompson*, 501 U.S. 722 (1991). The exception to *Thompson*, announced in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), is: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320. The later case of *Trevino v. Thaler*, 133 S.Ct. 1911 (2103), involving Texas law, strongly suggests that the Arkansas postconviction framework triggers the exception announced in *Martinez v. Ryan*.

If we were to assume that the *Martinez* exception applies, the natural progression would be to consider the merits of the claim if we first found (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. Smith had no counsel in the postconviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely that Mr. Smith had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 133 S.Ct. at 1921.

However, in this case it is more efficient to pursue another path and address the merits of the claims without the lengthy analysis dictated by *Martinez* and *Trevino*. This approach, which has been utilized in other procedural default settings, is described in the following language of the Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach the merits than to go through the studied process required by the procedural default doctrine. Recent commentary points up the problems with the cause and prejudice standard:
>> [T]he decision tree for habeas review of defaulted claims is intricate and costly. . . . In essence, *Sykes* and *Strickland* require habeas lawyers and federal judges and magistrates to work through the equivalent of a law school exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)).

Although the petitioner has framed his claims for relief under four headings, the underlying theme of the claims is ineffective assistance of counsel. He alleges his guilty pleas "garnered him no concessions"[3] and that his attorney failed to "make his trial full and fair." Docket entry no. 2, pages 4 & 5. We consider the various claims as one challenge[4] to the efficacy of his trial attorney.

When the state court[5] has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

A review of the trial court's decision (docket entry no. 6-3) shows the Court correctly cited *Strickland v. Washington*, 466 U.S. 668 (1984), when addressing the petitioner's claims of

---

[3] In addition to the concurrent running of the numerous sentences, the prosecution dropped the firearm enhancement that petitioner would otherwise have faced. Docket entry no. 6-5, page 3.

[4] Of the four claims advanced by Mr. Smith, three of them (grounds 2-4) appear to be challenges to the effectiveness of his attorney. To the extent that ground one is a challenge to something other than counsel, it is without merit because it appears to cite only state law provisions, and habeas relief is available only for violations of the federal constitution.

[5] While it is clear that the state appellate court did not rule on the petitioner's ineffective assistance of counsel claims because no appeal was taken, it is equally clear that the trial court denied these claims. For the purposes of 28 U.S.C. § 2254(d)(1), (2), the adjudication by the trial court suffices as an adjudication on the merits. *Worthington v. Roper*, 631 F.3d 487, 497 (8th Cir. 2011).

ineffective assistance of counsel.  The petitioner does not allege, and could not prove, error in this regard.  The trial court correctly noted that *Strickland* requires a showing of deficient performance by counsel and actual prejudice stemming from this performance.  Citing the petitioner's signed plea agreement indicating his satisfaction with his attorney and his acknowledgment that he was waiving his right to jury trial and right to direct appeal, the trial court concluded that Mr. Smith "failed to show that counsel was ineffective and in error."  Docket entry no. 6-3, page 2.  The trial court credited the petitioner's statements made at the plea hearing, and the plea agreement executed by the petitioner, over the later allegations of Mr. Smith regarding his attorney.  These factual findings by the trial court are presumed correct, and we find Mr. Smith has not rebutted the presumption of correctness with "clear and convincing evidence."  28 U.S.C. §2254(e)(1).  To the contrary, the petitioner's relies only upon his assertions.  As a result, we find the state court's decision was neither contrary to, or involved an unreasonable application of, clearly established Federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court.  A claim of ineffective assistance of counsel is particularly difficult to show when, as in this instance, the petitioner has entered guilty pleas to the charges.  *See, e.g., Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  The  claims advanced in his habeas corpus petition are without merit.

As a result, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  9   day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

IT IS SO ORDERED this  9   day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE